UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-1668(DSD/JJG)

Cathy A. Lathrop,

       Plaintiff,

v.                                                            **ORDER**

Michael J. Astrue, Commissioner
of Social Security,

       Defendant.


This matter is before the court upon plaintiff's objections to the report and recommendation of United States Magistrate Judge Jeanne Graham dated July 18, 2007. In her report, the magistrate judge recommended that both plaintiff and defendant's motions for summary judgment be denied and that the matter be remanded to the Commissioner of Social Security for further proceedings. For the following reasons, the court adopts the report and recommendation in its entirety.


**BACKGROUND**

This is an action for judicial review of the final decision of defendant Commissioner of Social Security (the "Commissioner") that plaintiff Cathy A. Lathrop ("Lathrop") was not entitled to a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(I) and 423. Lathrop filed a social security application on September 11, 2003, alleging disability

since June 8, 2003, due to fibromyalgia, chronic fatigue syndrome and post traumatic stress disorder. After the state agency denied her applications initially and upon reconsideration, Lathrop requested a hearing before an administrative law judge ("ALJ"). Following an August 30, 2005, hearing, Administrative Law Judge William G. Brown ("ALJ") concluded that plaintiff was not eligible for a period of disability or disability insurance income. (AR at 11.) When the Social Security Appeals Council declined plaintiff's request for further administrative review, the ALJ's determination became the final decision of the Commissioner. (AR at 6.) Plaintiff sought judicial review of the Commissioner's decision, and Magistrate Judge Graham recommends that both parties' motions for summary judgment be denied and the matter be remanded to the Commissioner. The magistrate judge found that substantial evidence did not support the ALJ's decision regarding Lathrop's residual functional capacity and her ability to perform other jobs in the national economy, that the ALJ erroneously relied on the opinion of a nontreating, nonexamining medical expert instead of Lathrop's treating medical provider and that the vocational expert's conclusions were based on improper medical testimony. While remanding for further proceedings on these issues, the magistrate judge determined that substantial evidence supported the ALJ's decision to reject two of Lathrop's doctors' opinions, that the ALJ's failure to address Minnesota's Department of Rehabilitation

Services report was not erroneous and that the evidence did not merit reversal with benefits - merely remand. Lathrop objects to those three conclusions.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(c). The court reviews the findings and decisions of the Commissioner under the substantial evidence standard. See 42 U.S.C. §405(g); Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir. 1989). The substantial evidence test requires an analysis of the record as a whole and a balancing of the evidence supporting the Commissioner's determination against "whatever in the record fairly detracts from its weight." Jackson, 873 F.2d at 1113 (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). The substantial evidence test does not permit the court to "displace the [Commissioner's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera, 340 U.S. at 488; see also Hall v. Chater, 109 F.3d 1255, 1258 (8th Cir. 1997) (ALJ's findings not to be reversed merely because some evidence supports alternative conclusion). Rather, the question before the court is whether, considering the entire record, a jury could have

reasonably come to the same conclusion as the ALJ.  See Allentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 366-67 (1998).

**I.   Opinions of Plaintiff's Treating Physicians**

Plaintiff objects to the magistrate judge's determination that the ALJ did not err in giving less weight to the opinions of her treating physician, Dr. David Caccamo, and treating psychologist, Dr. Louise Quinn.  Plaintiff argues that substantial evidence does not support the ALJ's rejection of the doctors' opinions.  When related to medical findings, the opinion of a treating physician must be afforded substantial weight.  See Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993).  However, an ALJ may discount a treating physician's medical opinion when the treating physician's statements are "conclusory, unsupported by medically acceptable clinical or diagnostic data, or when the ALJ's determination is justified by substantial evidence in the Record as a whole." Dornack v. Apfel, 49 F. Supp. 2d 1129, 1143 (D. Minn. 1999); see Piepgras v. Chater, 76 F.3d 233, 236 (8th Cir. 1996) (treating physician opinion entitled to less weight when vague and conclusory).  Further, although it is improper for an ALJ to ignore the opinions of nonphysician medical sources like therapists, see Shontos v. Barnhart, 328 F.3d 418, 426-27 (8th Cir. 2003), the ALJ need not give probative value to sources opining on matters outside of their areas of expertise.  See Strongson v. Barnhart, 361 F.3d 1066, 1071 (8th Cir. 2004).

**A.   Dr. David Caccamo**

Upon review of the administrative record, the court finds that substantial evidence supports the ALJ's decision to reject Dr. Caccamo's opinions as vague and unhelpful.  Although Dr. Caccamo recommended at times that plaintiff reduce her work schedule to part time and take extended periods of leave, he noted in 2002 that he could not support full-time disability for her and that she was not "unable to perform work of any kind."  (AR at 240, 285, 282, 290.)  Further, the ALJ properly labeled Dr. Caccamo's Fibromyalgia Residual Functional Capacity questionnaire vague.  In the questionnaire, Dr. Caccamo diagnosed plaintiff with fibromyalgia and depression and acknowledged that her prognosis was poor.  (Id. at 310.)  However, he answered "I don't know" or "uncertain" to questions about whether plaintiff was a malingerer, to what degree she could handle work stress, how long she could continuously sit or stand at one time, whether she would need unscheduled breaks during the day and how often she would likely be absent from work as a result of the impairments or treatment.  (Id. at 311-15.) Such questions were essential in evaluating plaintiff's capacity to work, and Dr. Caccamo's inability to answer the questions limited the usefulness of his analysis.  Therefore, the court finds that substantial evidence on the record supports the ALJ's decision to accord the opinions of Dr. Caccamo less weight.

**B.   Dr. Louise Quinn**

Substantial evidence also supports the weight the ALJ accorded Dr. Quinn's opinions.  Dr. Quinn, plaintiff's treating psychologist, completed a medical assessment of plaintiff's ability to do work-related mental activities on September 13, 2005.  In the assessment, Dr. Quinn noted that plaintiff's reliability would be poorly affected "due to medical issues," that the unpredictable nature of plaintiff's "physical symptoms" coupled with her mental health symptoms made it unlikely for plaintiff to "relate personally and socially in a predictable manner" and that plaintiff's physical pain affected her ability to sleep and compromised her ability to focus.  (Id. at 398-99.)  To the extent that Dr. Quinn's assessment hinged on medical and not mental health analysis, the ALJ did not err in giving it less credence.  However, the ALJ was required to consider Dr. Quinn's assessment of plaintiff's mental health limitations and did so, restricting the complexity and personal contact involved with the work suggested for plaintiff based on Dr. Quinn's opinions.  (See id. at 19, 22.)  Therefore, the ALJ appropriately considered and applied Dr. Quinn's assessment in his opinion.

Accordingly, the court adopts the magistrate judge's recommendations regarding the ALJ's use of and deference to Dr. Caccamo and Dr. Quinn's opinions.

**II.  Minnesota Department of Rehabilitation Services Report**

Plaintiff objects to the magistrate judge's finding that the ALJ's failure to address a Minnesota Department of Rehabilitation Services ("MDRS") report does not mean that the ALJ did not consider it.  Although required to develop the record fully and fairly, "an ALJ is not required to discuss every piece of evidence submitted."  Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). Moreover, an ALJ's failure to cite specific evidence does not mean that the ALJ did not consider the evidence.  See Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995).

Here, although the ALJ did not interpret the MDRS report to mean that plaintiff was unemployable, he did reference the report in his finding that plaintiff was unable to perform her past relevant work.  (AR at 21.)  This reference belies plaintiff's claim that the ALJ did not consider the MDRS report. Additionally, the court finds that the report does not suggest that plaintiff is unemployable.  Instead, the report concludes that plaintiff needs rehabilitation services in order to "prepare for, secure, retain or regain employment."  (Id. at 151.)  For these reasons, the court adopts the magistrate judge's recommendation regarding the MDRS report.

**III.  Decision to Remand**

Plaintiff objects to the magistrate judge's recommendation to remand the matter rather than reverse and immediately find

disability. Ordinarily, when the Commissioner's denial of benefits is reversed on appeal, the court remands the case for further administrative proceedings out of "abundant deference to the ALJ." Cox v. Apfel, 160 F.3d 1203, 1210 (8th Cir. 1998). Consistent with this rule, the court will enter an immediate finding of disability "only if the record overwhelmingly supports such a finding." Buckner v. Apfel, 213 F.3d 1006, 1011 (8 th Cir. 2000) (internal quotations omitted).

After conducting an independent review of the record, the court finds that although there may be evidence that plaintiff suffers from physical and mental impairments as a result of her fibromyalgia and depression that limit her ability to work, such evidence is not so overwhelming as to warrant an immediate finding of disability. Moreover, because of the applicable standard of review, the court will not reweigh the evidence or substitute its own judgement for that of the ALJ. See Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995); Harmison v. Halter, 169 F. Supp. 2d 1066, 1072 (D. Minn. 2001). Therefore, the court adopts the magistrate judge's recommendation that this matter be remanded to the Commissioner for further proceedings consistent with this order.

Accordingly, after a de novo review of the motions, files and administrative record in this matter, and for the reasons stated,

the court adopts the report and recommendation of the magistrate judge in its entirety.

**CONCLUSION**

Therefore, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion for summary judgment [Docket No. 7] is denied;

2.   Defendant's motion for summary judgment [Docket No. 12] is denied; and

3.   This matter is remanded to the Commissioner of Social Security for further proceedings consistent with this order and the magistrate judge's report and recommendation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 16, 2007

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court