UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-1668(DSD/JJG)

Cathy A. Lathrop,

        Plaintiff,

v.                                                              **ORDER**

Michael J. Astrue,
Commissioner of Social Security,

        Defendant.


This matter is before the court upon plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d). Based upon a review of the file, record and proceedings in this matter, and for the following reasons, plaintiff's motion is granted.


**BACKGROUND**

Plaintiff Cathy Lathrop ("Lathrop") initiated this action on May 3, 2006, seeking judicial review of the final decision of defendant Commissioner of Social Security (the "Commissioner") denying her claim of Social Security benefits. The court referred the matter to Magistrate Judge Jeanne J. Graham. On July 18, 2007, the magistrate judge issued a report and recommendation finding that the Administrative Law Judge's ("ALJ") rejection of the treating doctor's opinion was erroneous and not supported by substantial evidence, that the ALJ wrongfully relied on the opinion of the nontreating, nonexamining medical examiner and that the

ALJ's evaluation was therefore based on improper medical evidence. Magistrate Judge Graham recommended denying both plaintiff and defendant's motions for summary judgment and remanding the matter to the Commissioner for further proceedings. Both parties objected to the magistrate judge's recommendation. On August 16, 2007, this court adopted the report and recommendation in its entirety.

Plaintiff now moves the court pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees, arguing that the Commissioner's position was not substantially justified. Defendant disagrees and argues alternatively that plaintiff seeks excessive fees.

## DISCUSSION

The EAJA mandates an award of attorney's fees and expenses to a prevailing party, other than the United States, incurred by that party in any "civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Generally, an appellee must "obtain those benefits which [she] sought on the original appeal to the district court" in order to be a prevailing party. See Swedberg v. Bowen, 804 F.2d 432, 434 (8th Cir. 1986). However, where a

district court remands a social security case to the Commissioner upon appeal and does not maintain jurisdiction over the matter,[1] the plaintiff has prevailed for purposes of the EAJA.  See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).

In the EAJA context, the Commissioner's position is substantially justified if it has a reasonable basis in both law and fact - that is, if "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988).  Accordingly, the Commissioner can "advance a losing position in the district court and still avoid the imposition of a fee as long as the Commissioner's position had a reasonable basis in law and fact."  Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005).  Although a loss on the merits does not give rise to a negative presumption, the Commissioner bears the burden to prove that his position was substantially justified.  See Keasler v. United States, 766 F.2d 1227, 1231 (8th Cir. 1985).

Upon review of the record in this case, the court finds that the position of the Commissioner was not substantially justified.  The Commissioner relied solely on the opinion of a nontestifying, nonexamining medical expert to formulate the restrictions and

---

[1] The district court issues a "final judgment" and does not retain jurisdiction over the matter when remanding pursuant to sentence four of 42 U.S.C. § 405(g).  See Shalala v. Schaefer, 509 U.S. 292, 297-99 (1993).  The district court does maintain jurisdiction if remanding under sentence six of § 405(g).  See id.  The court engaged in a sentence-four remand in this case.

3

limitations contained in his residual functional capacity determination.  Moreover, that expert - a cardiac and thoracic surgeon - was not a primary treating source for patients with fibromyalgia, and it was unclear whether the expert even factored plaintiff's fibromyalgia into his residual functional capacity recommendations.  The Commissioner's erroneous reliance on this medical testimony further affected the value of the hypotheticals posed to the vocational expert.  In short, the Commissioner's focus on isolated aspects of the record and refusal to acknowledge the opinions of plaintiff's treating medical providers is contrary to established law and cannot be substantially justified on this record.  See Johnson v. Bowen, 735 F. Supp. 329, 330 (E.D. Mo. 1990).

Defendant argues that the amount of fees requested is excessive. The court disagrees. Plaintiff has requested $7,995.39 in attorney's fees - $161.85 per hour for 49.4 hours of work on this matter.  Plaintiff's proposed per hour rate accurately reflects the approximately 115% increase in the Consumer Price Index from 92.0 in 1981, when the fee ceiling was $75, to 198.3 in January 2006.  See id.; U.S. Dep't of Labor, Bureau of Labor Statistics, http://www.bls.gov. Plaintiff seeks recovery for hours that have been carefully documented and itemized in the affidavit accompanying her request for fees and that are reasonable under the circumstances.  See Carlson v. Astrue, 500 F. Supp. 2d 1174, 1177-

81 (S.D. Iowa 2007) (53.25 hours reasonable); Mitchell v. Barnhart, 376 F. Supp. 2d 916, 923 (S.D. Iowa 2005) ($327.80 per hour fees reasonable).  Accordingly, the court grants plaintiff's motion for attorney's fees in the full amount requested.

### CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. The court's order of December 4, 2007, is vacated.

2. Plaintiff's petition for attorney's fees in the amount of $7,995.39 [Doc. No. 24] is granted.

Dated:   December 11, 2007

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court